UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO COOPER,

    Plaintiff,

    v.

DANIEL HEYNS, et al.,

    Defendants.
    _____/

CASE NO. 1:13-CV-14246
JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (docket #19)**

I.    RECOMMENDATION: The Court should grant the MDOC defendants' motion for summary judgment.

II.    REPORT:

Plaintiff Ricardo Cooper commenced this action on October 4, 2013, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Named as defendants are Daniel Heyns, Director of the Michigan Department of Corrections; Saginaw Correctional Facility Warden Lloyd Rapelje; Deputy Warden Obell Winn; Food Service Director Frank Szostak; and Food Service Supervisor Mike Krafft. Plaintiff contends that defendants violated his Fourteenth Amendment rights to due process and equal protection, and retaliated against him in violation of the First Amendment, by terminating his prison employment based on complaints he made regarding unsanitary practices in the Saginaw Correctional Facility's food service operation. The matter is currently before the Court on the motion for summary judgment filed by defendants Heyns, Rapelje, and Winn, on March 11, 2014. These defendants argue that plaintiff has failed to exhaust his

administrative remedies, and that plaintiff cannot establish their personal involvement in the alleged deprivation of petitioner's constitutional rights. Plaintiff filed a response on April 10, 2014, in which he concedes that he has failed to exhaust his claims with respect to these defendants.

Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). "The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*,

FED. R. CIV. P. 56(e).

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions of confinement must exhaust their administrative remedies before pursuing a federal civil rights action. Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to properly exhaust a civil rights claim, a prisoner must comply with the prison system's "procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The moving defendants argue that plaintiff has failed to exhaust his administrative remedies with respect to them as required by § 1997e(a). In his response, plaintiff agrees that defendants Heyns, Rapelje, and Winn are entitled to summary judgment on this basis. In light of plaintiff's concession, defendants Heyns, Rapelje, and Winn are entitled to summary judgment, and plaintiff's claims against them "need not be addressed further." *Robinson v. Caruso*, No. 08-14069, 2010 WL 1248100, at *11 (Feb. 26, 2010) (Hluchaniuk, M.J.), *magistrate judge's report and recommendation adopted*, 2010 WL 1248029 (E.D. Mich. Mar. 25, 2010) (Zatkoff, J.); *see also*, *Daniels v. Bowerman*, No. 08-10278, 2008 WL 2743918, at *3 n.2 (E.D. Mich. July 14, 2008) (Duggan, J.). Accordingly, the Court should grant the MDOC defendants' motion for summary judgment, and should enter judgment in favor of defendants Heyns, Rapelje, and Winn. If the Court accepts this recommendation, plaintiff's claims against defendant Szostak

and Krafft will remain.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

DATED: May 21, 2014                         s/Paul J. Komives
                                            PAUL J. KOMIVES
                                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 21, 2014, electronically and/or by U.S. Mail.

                                            s/Michael Williams
                                            Case Manager for the
                                            Honorable Paul J. Komives