UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ricardo Cooper,

                Plaintiff,        Case No. 13-cv-14246
                                      Hon. Judith E. Levy
v.                                       Mag. Judge Paul Komives

Daniel Heyns, et al.,

                Defendants.

_____/

**OPINION & ORDER ADOPTING REPORT & RECOMMENDATION [28] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [19]**

    This matter is currently before the Court on Magistrate Judge Komives' May 21, 2014 Report and Recommendation (Dkt. 28) and on plaintiff's motion and renewed motion for appointment of counsel. (Dkt. 29, 30). The Magistrate Judge recommends granting the motion for summary judgment (Dkt. 19) filed by defendants Heyns, Rapelje, and Winn.

    I.    Background

    Plaintiff Ricardo Cooper is a prisoner in the Saginaw Correctional Facility in Freeland, Michigan. Defendant Daniel Heyns is Director of

1

the Michigan Department of Corrections. Defendants Lloyd Rapelje and Obell Winn are, respectively, warden and deputy warden of the Saginaw Correctional Facility.

Plainitff alleges that defendants terminated his employment with the prison's food service operation because of his complaints about unsanitary practices. On October 4, 2013, plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violation of his Fourteenth Amendment due process and equal protection rights, and retaliation in violation of his First Amendment rights.

## II.  Defendants' Motion for Summary Judgment [19]

On March 11, 2014, defendants Heyns, Rapelje, and Winn moved for summary judgment. (Dkt. 19). All three defendants maintain plaintiff failed to show their personal involvement in the activity forming the basis of the complaint. (Dkt. 19, Def.'s Mot. 14-16). Defendants Heyns and Winn also contend that plaintiff failed to exhaust administrative remedies before bringing this suit, as required by 42 U.S.C. § 1997e(a). (Dkt. 19, Def.'s Mot. 9-10). Plaintiff concedes in his response that summary judgment is warranted on both grounds. (Dkt. 22).

A. <u>Supervisory Liability</u>

Plaintiff's claims against defendants Heyns, Rapelje, and Winn are premised on supervisory liability. To succeed, plaintiff must show that defendants "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Failure to act on awareness of alleged misconduct is insufficient to establish supervisory liability in a section 1983 claim. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). Nor does denial of an administrative grievance establish liability under section 1983. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Here, defendant Heyns' liability was premised upon his hiring the persons who allegedly violated plaintiff's civil rights. This constitutes neither encouragement of nor direct participation in the alleged misconduct. Defendant Rapelje's liability was premised on his receiving plaintiff's concerns at a warden's forum and later denying plaintiff's grievance. As stated above, neither a failure to act on awareness of alleged misconduct nor denial of a grievance establishes supervisory liability under section 1983. Defendant Winn's liability is premised on

3

his alleged role in the denial of plaintiff's grievance. Again, this fails to establish § 1983 liability.

B. <u>Exhaustion of administrative remedies</u>

As detailed in the Magistrate Judge's Report and Recommendation, prisoners challenging their conditions of confinement must exhaust administrative remedies before filing a federal civil rights action. *See* 42 U.S.C. § 1997e(a). Plaintiff concedes his failure to exhaust administrative remedies with respect to defendants Heyns and Winn.

**III. Conclusion**

The Court has reviewed the Magistrate Judge's Report and Recommendation. Neither party has filed written objections, and the time for doing so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pr. 72(b)(2). Accordingly, the Court will adopt the Magistrate Judge's Report and Recommendation and grant the motion for summary judgment filed by defendants Heyns, Rapelje, and Winn. Plaintiff's claims against defendants Szostak and Krafft remain.

For the reasons stated above, it is ORDERED that:

The Magistrate Judge's Report & Recommendation is ADOPTED; and Defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated: August 4, 2014  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2014.

 s/Felicia M. Moses
 FELICIA M. MOSES
 Case Manager