UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO COOPER,
        Plaintiff,        Civil Action No.: 13-14246
                                        Honorable Judith E. Levy
v.                                   Magistrate Judge Elizabeth A. Stafford

DANIEL HEYNS, *et al.*,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL [29, 30]

Plaintiff Ricardo Cooper, a prisoner proceeding *pro se,* has filed two motions to appoint counsel. [29, 30] Cooper filed his complaint on October 4, 2013, alleging that a number of correctional officers violated of his constitutional rights, and he has filed and responded to a number of motions. In a report and recommendation filed earlier today, this Court recommended that his claim for declaratory relief survive Defendants' motion for summary judgment.

Cooper now seeks appointment of counsel, alleging that the issues in his case are complex, he is otherwise unable to access necessary discovery, counsel would be better prepared to examine witnesses, and counsel's receipt of documents would ensure they are not destroyed in an effort to continue to retaliate against Cooper. Defendants respond that

there are no complex issues that arise in the scope of this case, and that Cooper has ably litigated this case for a year and a half despite the limitations he alleges prevent him from adequately accessing the Court.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  Appointment of counsel under § 1915(e)(1) is not a constitutional right; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment.  *Lavado v. Keohane*, 992 F.2d 601, 604-606 (6th Cir. 1993).  In order to make that determination, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*  Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense."  *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Having review Cooper's case filings to this point, and considering the relevant factors, the Court finds that Cooper has not shown exceptional circumstances meriting the appointment of counsel at this juncture.  Cooper has adequately litigated his own case to date, including briefing responses to two summary judgment motions.  Further, the questions remaining at

issue do not appear to involve issues of any complexity and Cooper appears aptly capable of litigating his case at this point in time. For these reasons, Cooper's motions to appoint counsel [29, 30] are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

| | |
|---|---|
| Dated: February 3, 2015<br>Detroit, Michigan | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 3, 2015.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager